UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN CALLEN, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-046-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

*Pro se* Petitioner John Callen, Jr., is a federal inmate who was previously confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). Callen is currently confined at the Federal Correctional Institution in Terre Haute, Indiana. During Callen's confinement at FMC-Lexington, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction. [Record No. 1] However, his petition in this Court is premature because he has filed with the trial court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction. As a result, the petition will be denied.

On September 3, 2003, Callen and two co-defendants, Fidencio Chapa and Maximiano DeLeon, were charged in a three-count indictment with conspiring to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846; possessing with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); and laundering monetary instruments and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(I). *See United States*

-1-

*v. John Callen, Jr.,* No. 4:03-cr-346 (S.D. Tex. 2003) [Record No. 1 therein]  On February 7, 2012, Callen pled guilty to these charges and did not proceed to trial.  [*Id.*, at Record No. 217 therein]  He was sentenced on June 29, 2012, and received a 188-month sentence of imprisonment, followed by a five-year term of supervised release.[1]  [*Id.*, at Record No. 233 therein].

Callen appealed his conviction to the United States Court of Appeals for the Fifth Circuit, claiming that he was convicted in violation of his right to a speedy trial.  However, on July 12, 2013, the Fifth Circuit affirmed his conviction, holding that Callen had waived his right to a speedy trial.  *United States v. John Callen, Jr.*, 540 Fed. App'x 252 (5th Cir. July 12, 2013).  The Supreme Court denied Callen's petition for a writ of certiorari.  *See John Callen, Jr.,* No. 4:03-cr-346 (S.D. Tex. 2003) [Record No. 262 therein].

Subsequently, on January 30, 2014, Callen filed a motion in the trial court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising the same claims contained in his current § 2241 petition.  [*Id.*, at Record No. 260 therein]  The United States has moved to dismiss Callen's § 2255 motion.  [*Id.*, at Record No. 277 therein]  On March 10, 2015, a United States Magistrate Judge recommended denial of Callen's § 2255 motion.  [*Id.*, at Record No. 287 therein]  The matter remains pending before the trial court.  *Id.*

---

[1] On April 22, 2015, the trial court reduced Callen's term of imprisonment to 151 months pursuant to 18 U.S.C. § 3582(c) (2), effective November 1, 2015.  [*Id.*, at Record No. 291 therein]

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Callen's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Callen's factual allegations as true and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his § 2241 habeas petition, Callen claims that his underlying conviction was unlawful and that he is being illegally detained. He contends that the trial court violated his right to a speedy trial because the arrest warrant issued for him had expired prior to his arrest and conviction. Callen requests immediate release from custody.

Callen's petition will be dismissed for two independent reasons: it is premature and § 2241 is not the proper mechanism for the relief Callen seeks. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

-3-

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Thus, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

At this juncture, Callen cannot establish that his avenue for relief under § 2255 is inadequate or ineffective because his § 2255 motion is currently pending before the trial court. Thus, Callen may obtain the relief he seeks through his § 2255 motion. Therefore, even if he

were otherwise authorized to proceed under § 2241, Callen has filed his motion prematurely. Because Callen has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner John Callen, Jr.'s 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 15th day of June, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge